UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD CUNNINGHAM,           ) | |
|                               ) | |
|            Plaintiff,         ) | |
|     vs.                       ) | 1:12-cv-001279-JMS-TAB |
|                               ) | |
|                               ) | |
| TERRE HAUTE POLICE DEPT., et al., ) | |
|                               ) | |
|            Defendants.        ) | |

**Entry Discussing Complaint and Directing Dismissal of Action**

Plaintiff Richard Cunningham, an inmate at the New Castle Correctional Facility, an Indiana prison, filed this civil action pursuant to 42 U.S.C. § 1983 alleging that the Mayor of Terre Haute and employees of the Terre Haute Police Department falsely arrested him on charges of child molestation. Cunningham appears to allege that his arrest was pursuant to a warrant request approved by the Chief of Police, dkt. 1 at p. 4, but not based on any evidence, dkt. 1 at p.3. Cunningham requests that his Vigo County Superior Court case (84D03 0502 FB 481)[1] be overturned. He also seeks money damages, a new drivers' license, and removal from all sex offender registries.

Cunningham's complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S.Ct. 910, 921 (2007).

Cunningham's complaint must be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). AShould success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit.@ *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004); *see also Wallace v.*

---

[1] The Indiana Department of Corrections website reflects that Cunningham was convicted of child molesting and sentenced on February 10, 2011, in Vigo County, Indiana, cause number 84D03 0502 FB 481.

*Kato*, 127 S.Ct. 1091, 1098 (2007)(involving claim of unlawful arrest and detention). As presented, Cunningham's complaint seeks to challenge his criminal conviction and is not cognizable under ' 1983 until and unless his state criminal conviction for child molesting is resolved in his favor. In addition, Cunningham cannot use a civil rights action to attack the validity of the fact or length of his confinement; that is the exclusive province of habeas corpus.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because as presented it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _09/14/2012_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Richard Cunningham**
**157260**
**New Castle - CF**
**1000 Van Nuys Road**
**P.O. Box A**
**New Castle, IN 47362**